UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHANNON WAYNE AGOFSKY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:25-cv-00001-JRS-MJD |

**Order Granting Request for Counsel and Directing Briefing**

Petitioner Shannon Agofsky was convicted of murder and sentenced to death for killing a fellow Bureau of Prisons inmate. *See United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006).

On December 23, 2024, President Biden commuted the sentences of 37 individuals on death row, including Mr. Agofsky. *See* The White House, "Fact Sheet: President Biden Commutes the Sentences of 37 Individuals on Death Row," https://www.whitehouse.gov/briefing-room/statements-releases/2024/12/23/fact-sheet-president-biden-commutes-the-sentences-of-37-individuals-on-death-row/ (last visited Jan. 7, 2025); *Agofsky v. United States*, Cause No. 1:07-cv-00511-ALM, dkt. 201, Executive Grant of Clemency as to Shannon Wayne Agofsky (E.D. Tex., Dec. 23, 2024).

Mr. Agofsky has filed a pro se "Emergency Petition for Injunctive Relief from Commutation and Request for Appointment of Counsel." Dkt. 1. Because Mr. Agofsky

1

is challenging his sentence, the motion was docketed as a petition for writ of habeas corpus. Dkt. 1; *see Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973).

In the motion, Mr. Agofsky requests that the Court block the commutation of his death sentence and prevent him from being sentenced to life in prison. Dkt. 1 at 1. Mr. Agofsky argues that he has been working "tirelessly to prove the actual circumstances of his case, as well as to establish his innocence in the original case for which he was imprisoned." *Id.* Mr. Agofsky states that he never requested commutation, "does not want commutation, and refused to sign the papers offered with the commutation." *Id.* at 2. He believes that because his sentence has been commuted to life imprisonment, he will no longer receive "heightened scrutiny" in his habeas challenges.[1] *Id.* at 3. He requests the appointment of counsel to assist him with litigating this motion. *Id.*

A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, *see* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott,* 512 U.S. 849, 855 (1994), or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c), *Rules Governing Section 2255 Cases*. Here, Mr. Agofsky is no longer under a death sentence. Therefore, whether to appoint counsel is purely a discretionary matter. *See Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). Thus, the Court must consider "if, given the

---

[1] The Court observes that Mr. Agofsky's motion to vacate sentence under Section 2255 challenging his conviction and sentence had been stayed while Mr. Agofsky challenged other convictions. *Agofsky v. United States*, Cause No. 1:07-cv-00511-ALM, dkt. 195 (Order of Administrative Closing) (E.D. Tex. July 13, 2022). The Court recently reopened the case and directed Mr. Agofsky to file a response explaining whether his motion has been rendered moot. *Id.* at dkt. 202 (Order Reopening Case) (Dec. 30, 2024).

difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett,* 130 F.3d at 281.

The Court harbors serious doubt that it has any power to block a commutation. *See Biddle v. Perovich*, 274 U.S. 480 (1927) (holding that the President has the power under Article 2, Section 2 of the Constitution to commute a sentence from death to life imprisonment without the inmate's consent).

Still, given the novelty of the legal question, the Court prefers to receive counseled briefing on the motion. Accordingly, the United States is **notified** of the filing of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241/emergency motion for preliminary injunction. A copy of the petition/motion, dkt. 1, and this Order shall be **distributed to** the United States Attorney, who shall appear by **January 10, 2025**. Mr. Agofsky's request for counsel is **granted** to the limited extent that the Court will appoint the Indiana Federal Community Defenders Office, Inc. ("IFCD") to represent Petitioner for the limited purpose of filing a reply. The IFCD shall have through **January 10, 2025**, to appear. Should the IFCD be unable to represent Petitioner, substitute Criminal Justice Act counsel may appear pursuant to 18 U.S.C. § 3006A(a)(2)(B).

The **clerk is directed** to send a courtesy copy of this Order via email to Assistant U.S. Attorneys Jeffrey Preston and Joi Kamper and First Assistant Federal Defender Sara Varner.


The briefing schedule shall be as follows:

- Response to Motion: **January 13, 2025**;

- Reply: **January 16, 2025**.

**IT IS SO ORDERED.**

Date: 1/7/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHANNON WAYNE AGOFSKY
06267-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Office of the United States Attorney
Attn: Jeffrey D. Preston
jeffrey.preston@usdoj.gov
joi.kamper@usdoj.gov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 W. Market St., #2100
Indianapolis, IN 46204


INDIANA FEDERAL COMMUNITY DEFENDERS
Attn: Sara Varner
111 Monument Circle
Suite 3200
Indianapolis, IN 46204
Sara.varner@fd.org